IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANNY VARNER | § | |
| v. | § | CIVIL ACTION NO. 6:17cv334 |
| | | Crim. No. 6:13cr4(1) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Danny Varner, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the validity of his federal conviction and sentence. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

On January 23, 2013, Varner was indicted on one count of possession with intent to distribute more than 50 grams of methamphetamine, which carries a penalty range of 10 years to life in prison. He and the Government could not agree on a written plea agreement, but Varner ultimately agreed to plead guilty to an information charging him with possession with intent to distribute methamphetamine, which carries a penalty range of up to 20 years in prison.

Varner entered an open plea of guilty on January 23, 2014. There was no signed plea bargain agreement. Assistant United States Attorney Bill Baldwin stated that the only agreement between the parties was that if Varner entered the open plea to the information, the Government would dismiss the underlying indictment.

At the plea hearing, Varner testified that he understood what had happened in his case, he knew what he would be doing in court that day, he wished to waive his right to indictment, he was satisfied with his attorney, Assistant Federal Public Defender Wayne Dickey, he wished to plead guilty because he was in fact guilty, and he would give up a number of rights by persisting in his plea of guilty. He acknowledged that the factual resume was correct.

Dickey told the Court that there was a question as to whether or not Varner was a career offender. If Varner pleaded to a charge carrying a penalty of 10 years to life, he would be looking at a plea for 262 months under the Sentencing Guidelines, and if he went to trial and was found guilty, he would be looking at a range of 360 months to life. However, Dickey stated that he and Baldwin had reached an agreement which would result in a sentencing range of 151 to 188 months if he were found to be a career offender, and Baldwin was willing to agree to a sentence of 188 months.

A sentencing hearing was held on October 29, 2014, at which Varner was sentenced to 188 months in prison. He was represented at this hearing by Tonda Curry. The judgment was entered on November 3, 2014.

On January 25, 2015, Varner wrote a letter to the Court asking about his appeal, saying that he "gave every indication of desire to have appellate review. I even left my publications on appeal with Tonda Curry prior to leaving Smith County." However, he stated that he never received a notice that his appeal had been filed and he learned there was a time limit in which to appeal. The letter was construed as a notice of appeal, but the appeal was dismissed as untimely on January 10, 2017.

**II. The Motion to Vacate or Correct Sentence**

On May 29, 2018, Varner signed his motion to vacate or correct sentence under 28 U.S.C. §2255. He explained he filed a notice of appeal on February 2, 2015, referring to the letter he had signed on January 25, and said that on February 26, 2015, Curry withdrew as counsel and Charles Van Cleef was appointed to represent him. Van Cleef filed an *Anders* brief and motion to withdraw,

but according to Varner, the Fifth Circuit invited further scrutiny of the career offender sentencing and directed Van Cleef to supplement the *Anders* brief or file a merits brief. While the appeal was pending, Varner filed a *pro se* motion for sentence reduction under 18 U.S.C. §3582. The motion was denied and Varner appealed, and Van Cleef was appointed as counsel in that appeal as well. The appeals were consolidated and later dismissed as untimely.

Varner raised three grounds in his motion to vacate or correct sentence. In his first ground, he asserted that he wanted to appeal but Curry did not file a notice of appeal for him. He maintained that he consistently informed both Dickey and Curry that his desire was to retain his appellate rights, specifically as to sentencing, pointing to a portion of the transcript of the plea hearing reading as follows:

THE COURT: Okay. So, Mr. Varner, in light of that, then I do want to ask you, that with the exception of those sentencing determinations, this plea will give up your right to appeal your conviction in this case. And do you understand that?

THE DEFENDANT: I didn't know that. I thought I would retain my rights to ...

DEFENSE COUNSEL: Not your conviction - can I have a moment?

THE COURT: Yes.

[Mr. Dickey speaks with the Defendant off the record].

THE COURT: So, with this arrangement, Mr. Varner, you could appeal your sentence, if you wanted to, but you can't appeal the conviction, your plea of guilty, if that's what you do [sic].

THE DEFENDANT: I understand that, yeah.

(Criminal Docket no. 63, p. 18).

Varner argued that this shows he was "vested" in appealing his sentence and stated that he tried to communicate with Curry about an appeal without success. When he wrote to the Court, Varner stated that Curry filed a motion to withdraw, informing the Court that she was ill-equipped to handle federal criminal appeals.

Second, Varner complained that counsel was ineffective by failing to object to his designation as a career offender. He cited *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016),

3

which was decided while Varner's direct appeal was still pending, claiming that under *Hinkle*, his prior Texas state conviction for delivery of marijuana should not count toward career offender status. Similarly, Varner's third ground for relief contended that the district court erred by using the Texas marijuana conviction to designate him as a career offender.

### III. The Government's Answer and the Response

The Government's answer stated that an evidentiary hearing would be required to resolve Varner's first claim. The Government also argued that Varner qualified for career offender status even without the disputed state marijuana conviction because he also had a previous federal drug distribution conviction and a New Mexico felony residential burglary conviction, which counts as a violent felony for purposes of enhancement under the Armed Career Criminal Act.

In his reply to the Government's answer, Varner contended that Curry did not raise all of the objections he wanted to raise to the pre-sentence investigation report. He also complained that the district court erred in designating him as a career offender in denying his motion for sentence reduction under §3582. He argued this decision amounted to plain error because his delivery of marijuana offense did not count as a predicate offense for career offender purposes under *Hinkle*. Varner argued that because of this erroneous designation, his sentence was between 26 and 58 months too high.

### IV. The Evidentiary Hearing

An evidentiary hearing was conducted on June 26, 2018, on Varner's claim that Curry did not file a notice of appeal. At this hearing, Varner testified that he talked to Curry about an appeal several times and that he wrote her a letter dated October 30, 2014, in which he said "will you help me file an appeal on my sentence?" However, Varner contended that Curry never came to see him after sentencing. On January 25, 2015, Varner stated that he wrote to Judge Davis about his appeal, and this letter was filed as his notice of appeal. He maintained on cross-examination that he took the open plea specifically to preserve his right to appeal.

Curry appeared at the evidentiary hearing and testified that at the time of her appointment to represent Varner, he had already entered a plea of guilty without a signed agreement. She stated that she did not advise Varner of his right to appeal, although she acknowledged that Varner talked about winning an appeal with regard to the guidelines. She observed that Varner is quite knowledgeable about the law and knew exactly what constituted an appeal. Curry specifically stated that Varner never told her he wanted to file an appeal and that it would have been easy to file an appeal had he requested one. Although Varner said that he wrote to Curry requesting an appeal, Curry testified that she had never received such a letter.

## V. The Magistrate Judge's Report

After the hearing, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. With regard to the notice of appeal, the Magistrate Judge concluded that Varner's testimony and that of Curry was equally credible, with Varner asserting that he requested an appeal and Curry stating that he did not. Because the evidence was balanced equally, the Magistrate Judge concluded that Varner had failed to carry his burden of proving by a preponderance of the evidence that he had requested an appeal.

With regard to Varner's second and third claims, the Magistrate Judge observed that claims under *Hinkle* involve the application of the sentencing guidelines and thus are not cognizable on §2255 review. In addition, the Magistrate Judge stated that Varner was properly classified as a career offender regardless of whether the delivery of marijuana conviction was considered because of his two other prior convictions on federal drug charges and the New Mexico burglary charge.

The Magistrate Judge concluded that Varner's ineffective assistance claim lacked merit because even if Dickey or Curry had been clairvoyant enough to anticipate *Hinkle*, which was two years in the future, an objection would have been fruitless because Varner still qualified for career offender status based on his previous federal drug conviction and his New Mexico burglary conviction. Thus, the Magistrate Judge concluded that Varner's motion to vacate or correct sentence lacked merit.

## VI. Varner's Objections to the Report

In his objections, Varner asserts first that the envelope from the alleged October 30, 2014 letter which he sent to Curry is material evidence because it shows that Curry received it on or about October 31, 2014. Varner states that there are "two ACCO fastener holes punched for the aluminum bend-over tabs because this original envelope is maintained in the defense file by Tonda Curry." He states that "the copies of the original letters and some envelopes were mailed to Varner some time shortly after the §2255 motion was prepared," but he does not indicate who mailed these to him or from where.

Varner's claim that the envelope proves Curry received his letter requesting an appeal is raised for the first time in his objections to the Report of the Magistrate Judge. The Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). This contention was not raised by Varner in any of his prior pleadings nor at the evidentiary hearing, despite the fact that he had the opportunity to cross-examine Curry through counsel.

Furthermore, Varner offers nothing to substantiate his assertion that this letter was filed in Curry's defense file. He points to holes in the envelope but simply speculates that these holes were made by Curry or her staff. It is also not clear who mailed the letter to Varner shortly after filing his petition, as he contends; given Varner's claim that this was the original letter which was maintained in Curry's defense file, he appears to be asserting that shortly after he filed his petition, someone in Curry's law firm removed the original letter from the file and sent it to him, a claim which lacks plausibility on its face.[1]

In any event, Varner's contention does not controvert Curry's testimony that she herself was not aware of any such letter. *Cf. Fininer v. United States*, civil action no. A-13-479, 2014 U.S. Dist. LEXIS 19697, 2014 WL 640939 (W.D.Tex., February 18, 2014); *United States v. Noble*, civil action

---

[1]The United States Attorney who appeared at the evidentiary hearing stated that the letter was a forgery, but there was no evidence offered to support this claim other than Curry's denial that she had ever seen it.

6

no. H-09-0311, 2011 U.S. Dist. LEXIS 154661, 2011 WL 7661422 (S.D.Tex., November 30, 2011) (finding attorney's denial credible despite testimony that movant wrote to counsel seeking an appeal). As the Magistrate Judge correctly concluded, the evidence was equally weighed on each side, meaning that Varner did not meet his burden of proof.

In a similar vein, Varner contends that Curry did not advise him of his right to appeal, stating that she has a "constitutionally imposed duty to consult with Varner about taking his appeal." The Fifth Circuit has stated that counsel has a constitutionally imposed duty to consult with a defendant about appealing when there is reason to think that a rational defendant would want to appeal or that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *United States v. Calderon*, 665 F.App'x 356, 2016 U.S. App. LEXIS 21957, 2016 WL 7187375 (5th Cir., December 9, 2016), *citing Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

In this case, Curry testified that Varner was quite knowledgeable about the law and knew exactly what constituted an appeal, but never told her that he wanted to appeal. Although Varner was advised at his plea hearing that he could appeal his sentence if he wanted to, but not his conviction, he also testified at this same hearing that there was an agreement for a 188 month sentence and he wanted to go forward with that agreement. (Docket no. 63, Criminal Docket, p. 22). Given that Varner was advised that he could not appeal his conviction and he expressed a desire to go forward with the agreement for the 188 month sentence, he has not shown that Curry had reason to think he wanted to appeal. Varner also did not show by a preponderance of the evidence that he reasonably demonstrated to Curry that he was interested in appealing. His objection on this point is without merit.

Varner argues that after he was sentenced, Curry whispered to him that she would come visit with him. However, he claims she did not show up. He states that he then wrote her a letter about his appeal. According to Varner, this is the letter which was "placed in the defense file and disregarded." This objection essentially reiterates Varner's testimony at the evidentiary hearing.

Because Curry's testimony that Varner never requested an appeal is equally credible, Varner has not carried his burden of proof. His objection on this point is without merit.

Similarly, Varner argues that Curry did receive the letter requesting the appeal and placed it in the defense file. He points to a sworn statement he made to this effect, which he claims was "unrebutted." However, Curry credibly testified that she had never seen the alleged letter, and Varner's version of events begs the question of how he came into possession of a letter which he says was in Curry's defense file. This claim is not sufficient to carry Varner's burden of proof. His objection on this point is without merit.

Varner further complains that Curry did not file objections to the pre-sentence report, but he does not point to any valid objections which Curry could have raised, much less show that but for the failure to make these objections, the result of the proceeding would probably have been different. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (movant claiming ineffective assistance of counsel in a §2255 proceeding must show that (1) his attorney's actions fell below an objective standard of reasonableness and (2) the ineffective assistance prejudiced him).

Although Varner argues that Curry should have objected based on the claim that according him career offender status overstated the seriousness of his criminal record, this contention is raised for the first time in his objections and therefore is not properly before the Court. *Finley*, 243 F.3d at 219 n.3.

In addition, Varner has not shown that such an objection would have been meritorious. The policy statement for U.S. Sentencing Guideline §4A1.3 reads in pertinent part as follows:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal histody or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

The sentencing recommendation from the U.S. Probation Office aptly described Varner's criminal history as "atrocious." He had prior convictions for burglary of a residence and possession with intent to distribute and distribution of methamphetamine, which were sufficient to support the

finding that he was a career offender. In addition, Varner had 15 other convictions including: (1-3) delivery of marijuana by actual transfer (three separate convictions for different incidents), (4) transporting alcoholic beverages in a dry area, (5-6) theft of property over $50 but less than $500 (two separate convictions for different incidents), (7) theft of property of less than $1,500, (8-9) failure to identify by intentionally providing a false name to a peace officer who had lawfully arrested him (two separate convictions for different incidents), (10) theft of property of less than $1,500, enhanced by two previous convictions, (11) evading arrest, (12) criminal mischief by destroying property of another person in an amount of at least $500 but less than $1,500, (13) assault causing bodily injury / family violence, (14) possession of a prohibited weapon (a switchblade), and (15) theft / stolen property in an amount less than $50. Varner has failed to show that an objection based on substantial over-stating of his criminal history would have had any likelihood of being granted, much less that but for the failure to raise such an objection, the result of the proceeding would probably have been different. *See also United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2004). This objection is without merit.

Although Varner contends that the pre-sentence investigation report did not apply a career offender enhancement, that report states that "additionally, the defendant is a career offender pursuant to U.S.S.G. §4B1.1(b) which requires a criminal history category of VI." *See* criminal case docket no. 42, p. 13. His status as a career offender was discussed at sentencing, and Varner argues in his objections that when he took his direct appeal, the Government "conceded plain error" in his designation as a career offender before his appeal was dismissed as untimely. The Government's brief on appeal states as follows:

> In his sole issue, Varner argues that the district court erred in using one of his prior Texas convictions for delivery of marijuana by actual transfer to classify him as a career offender under U.S.S.G. §4B1.1. Although the Government agrees that recent Circuit law [*U.S. v. Hinkle*, 832 F.3d at 574] invalidates the prior offense as a predicate for application of the career offender guideline, the error does not affect Varner's substantial rights because his guideline range and criminal history category remain the same with or without application of the career offender guideline. Moreover, Varner does not meet his burden of demonstrating how the error seriously

9

affected the fairness, integrity, or public reputation of the judicial proceedings. Therefore, the error does not warrant reversal.

As the Government's appellate brief states, Varner's criminal history was VI with or without the operation of the career offender guideline. Either way, his advisory guideline range was 151-188 months. He cannot show he received ineffective assistance of counsel because the change in law rendering the Texas marijuana conviction inapplicable for enhancement to career offender status did not occur until well after sentencing. The Fifth Circuit has held that there is no general duty on the part of counsel to anticipate changes in the law and "clairvoyance is not a required attribute of effective representation." *United States v. Fields*. 565 F.3d 290, 294-95 (5th Cir. 2009). Varner cannot show harm because he has two other convictions besides the Texas marijuana conviction which support enhancement to career offender status. In any event, as stated above, this is a challenge to the application of the Guidelines, which is not cognizable on §2255 review. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 2016). Varner's objections are without merit.

Although Varner requests a transcript of the evidentiary hearing, no transcript has been prepared and he makes no showing of need for a transcript. He recounts the testimony accurately in his objections. Furthermore, 28 U.S.C. §753(f) provides that fees for transcripts in §2255 proceedings for persons entitled to sue or appeal *in forma pauperis* shall be paid by the United States if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Varner has not shown that his claims are not frivolous, nor that a transcript is needed to decide the issues presented in his motion to vacate or correct sentence. Accordingly, he is not entitled to a transcript at Government expense.

Varner has also filed a "notice or supplement" referring to the recent Supreme Court decision of *Garza v. Idaho*, 139 S.Ct. 738 (2019), which held that counsel renders ineffective assistance by failing to file a notice of appeal in light of the defendant's clear requests and that this failure is presumptively prejudicial despite waivers of appeal. This case is not applicable because Varner

failed to show by a preponderance of the evidence that he requested the filing of a notice of appeal, so the presumption of prejudice was never triggered.

**VII. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Movant objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Danny Varner is **DENIED** a certificate of appealability *sua sponte*. It is further

**ORDERED** that the Movant's motion for a free copy of the transcript of the evidentiary hearing (docket no. 31) is **DENIED**. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**May 30, 2019**

_____
Ron Clark, Senior District Judge